IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Breyan, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> All Employees of Columbia Care ) <br> Center, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 2:23-cv-4847-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff Michael Anthony Breyan's pro se ("Plaintiff") complaint challenging his involuntary commitment at the Columbia Regional Care Center in Columbia, South Carolina. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

In an order dated December 8, 2023, the Magistrate Judge notified Plaintiff that the Court could not authorize service because (1) Plaintiff failed to pay the filing fee or obtain permission to proceed *in forma pauperis*, and (2) Plaintiff failed to sign his pleading. (ECF No. 7 at 1.) The Magistrate Judge gave Plaintiff 21 days to bring his case into proper form and submit necessary documents; however, rather than complying with the Magistrate Judge's order, Plaintiff filed a motion for directed verdict; a supplemental letter; and a second motion to appeal the probate court's decision. (ECF Nos. 11, 12, and 13.)

Despite Plaintiff's failure to bring the case into proper form, the Magistrate Judge issued an order on January 9, 2024, affording Plaintiff one more opportunity to pay the filing fee or obtain permission to proceed *in forma pauperis*. (ECF No. 14.) The order also

denied Plaintiff's pending motions and instructed Plaintiff that he would need to file an amended complaint to avoid summary dismissal under 28 U.S.C. § 1915(e)(2)(B). Plaintiff eventually filed a motion to proceed *in forma pauperis*, but he did not file an amended complaint and instead filed a duplicate motion for directed verdict and a motion to appeal a more recent determination made by the probate court. (ECF Nos. 16, 18, and 19.)

On March 7, 2024, the Magistrate Judge reviewed the record and issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend, as Plaintiff has already had an opportunity to do so. (ECF No. 23.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed. Instead, Plaintiff has filed a "motion for bank transaction and appeal of probate court" and a letter requesting release. (ECF Nos. 25 and 26.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must

2

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 23), and the Court summarily dismisses this action without further leave to amend, for the reasons set forth in the Report.** *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 29, 2024
Charleston, South Carolina